KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Saul Lara,

    Petitioner,

v.

Pamela Bondi, et al.,

    Respondents.

No. CV-26-00668-PHX-DJH (ASB)

**ORDER TO SHOW CAUSE**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement (ICE) apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)."

*Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). And on December 18, 2025, a district court in the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025).

Based on prior decisions in this District, the Seventh Circuit's opinion, and the final judgment entered in the Central District of California, Respondents must show cause why the Petition should not be granted and the Court should not order Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

The Court will direct the Clerk's Office to substitute Fred Figueroa as Respondent for "John Doe, Warden of the Eloy [D]etention [C]enter," and Christopher McGregor as Respondent for "John Doe, Acting Phoenix Field Office Director of U.S. Immigration and Custom Enforcement."

**Warnings**

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

. . . .

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1) The Clerk of Court must **substitute** Fred Figueroa as Respondent for "John Doe, Warden of the Eloy [D]etention [C]enter," and Christopher McGregor as Respondent for "John Doe, Acting Phoenix Field Office Director of U.S. Immigration and Custom Enforcement."

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(4) Respondents must show cause no later than **February 11, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

(5)   Petitioner may file a reply no later than **February 18, 2026**.

Dated this 3rd day of February, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge